UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20513-BLOOM/Otazo-Reyes

GREGORY PALERMO,
as trustee of the PETER R. PALERMO
QUALIFIED PERSONAL RESIDENCE TRUST,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United States of America's ("United States") Motion to Dismiss, ECF No. [9] ("Motion"), filed on May 5, 2023. Plaintiff Gregory Palermo, as Trustee of the Peter R. Palermo Qualified Personal Residence Trust, filed a Response in Opposition, *see* ECF No. [13], ("Response"), and United States filed a Reply, ECF No. [16] ("Reply"). The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

    **I.**    **BACKGROUND**

According to the Complaint, Magistrate Judge Peter Palermo ("Judge Palermo") created the Peter R. Palermo Qualified Personal Residence Trust ("Trust") on February 26, 2002, ECF No. [1] ¶ 17, and subsequently conveyed his home (the "Property") to the Trust for a term of five years, *id*. ¶ 18. Gregory Palermo ("Palermo"), the son of Judge Palermo, was the sole Trustee when the Trust expired in 2007. *Id*. ¶ 21. Palermo then leased the Property to his father in two subsequent

one-year leases. *Id.* ¶¶ 22-24. In 2009, after the leases terminated, father and son agreed to a 99-year lease that expired upon the death of Judge Palermo. *Id.* ¶ 30. In 2015, Judge Palermo died, and the 99-year lease terminated. *Id.* ¶ 37.

The Trust sold the Property for $1,875,000.00 on February 26, 2016. *Id.* ¶ 38. That number was reported on the Trust's tax return for 2016 on a Form 1041. *Id.* ¶¶ 41-42; ECF No. [1-9] at 10. The Trust claimed a basis of $2,021,096.00 for the Property. ECF No. [1] ¶ 39. To arrive at this basis amount, the Trust added the "stepped-up basis" of the Property (the fair market value of the Property at the time of Judge Palermo's death and not the Property's purchase price) and the allowable depreciation and costs of sale. *Id.* ¶ 40. The Trust subtracted the basis from the proceeds of the sale plus allowed depreciation, which resulted in a capital loss of $126,108.00. *Id.* ¶ 41.

The Internal Revenue Service ("IRS") reviewed the Trust's tax returns and determined that the Trust could not use the stepped-up basis calculation. *Id.* ¶ 49. The IRS thereafter issued a Notice of Deficiency with the proper adjustments to the returns, *id.* ¶¶ 48, 51, and by September 14, 2021, the IRS demanded $930,127.90 in taxes, penalties, and interest from the Trust, *id.* ¶ 55. The Trust paid the amount assessed on September 24, 2021, *id.* ¶ 56. After years of correspondence between the IRS and the Trust, Plaintiff filed a Form 843, *Claim for Refund or Request for Abatement*, to receive a tax refund with the IRS. *Id.* ¶ 57; ECF No. [1-9] at 10.

Plaintiff asserts that the Trust is entitled to a federal income tax refund and a waiver of penalty and interest. Plaintiff's Complaint alleges two Counts: a claim for Income Tax Refund (Count I), and a claim for Declaratory and Injunctive Relief against the Commissioner of the IRS (Count II). *See generally* ECF No. [1].

Defendant moves to dismiss both Counts under Federal Rule of Civil Procedure 12(b)(1), challenging the Court's subject matter jurisdiction. ECF No. [9]. It contends that, as to Count I,

Plaintiff failed to "duly file" an administrative claim for refund on the form required by the applicable Treasury Regulation, 26 U.S.C. §7422(a). As such, sovereign immunity has not been waived. ECF No. [9]. As to Count II, Defendant argues that Plaintiff lacks standing to sue on behalf of the Estate's tax return and the Anti-Injunction Act, 26 U.S.C. §7421(a), expressly prohibits a suit to compel the IRS to examine (and favorably adjust) a tax return. *Id.*

Plaintiff responds that the proper form was filed, and the Trust has exhausted its administrative remedies. ECF No. [13]. Alternatively, Plaintiff contends that even if Form 843 was the "wrong form," the claim serves as an informal claim sufficient to waive sovereign immunity. *Id*. Moreover, Plaintiff asserts that its claim for declaratory relief is proper because it does not seek a determination that the IRS used improper calculations. Rather, it seeks a declaration that the IRS's decision was arbitrary and contrary to other positions previously taken. *Id.*

## II.  LEGAL STANDARD

### A.  12(b)(1) Motion to Dismiss

"'The party invoking federal jurisdiction bears the burden of proving standing.'" *Fla. Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters

3

outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

### B. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). "The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds" under 26 U.S.C. § 7422(f)(1) and district courts have jurisdiction over such actions against the United States pursuant to 28 U.S.C. § 1346(a)(1). *Mut. Assur., Inc. v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995). However, prior to filing suit against the IRS, a taxpayer must first duly file "a claim for refund or credit" with the IRS. 26 U.S.C. § 7422(a). Failure to file such an "administrative refund claim with the IRS in accordance with the relevant provisions of the Internal Revenue Code is a jurisdictional prerequisite to the maintenance of a tax refund suit." *Mut. Assur., Inc.*, 56 F.3d at 1356. A plaintiff bears the burden of showing that the Government waived sovereign immunity, and such waiver must be unequivocally expressed and construed in favor of the Government. *Lane v. Pena,* 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . . Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." (internal citations omitted)).

### C. Administrative Procedure Act Claim and the Anti-Injunction Act

To prevail on an Administrative Procedure Act ("APA") claim, a plaintiff must prove an agency's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019). The Court's "role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Defs. Of Wildlife v. U.S. Dep't of Navy*, 733 F.3d 1106, 1115 (11th Cir. 2013).

The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The object of [§] 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962).

### III.   DISCUSSION

Defendant's Motion seeks dismissal as a facial attack on the Court's subject matter jurisdiction. While the Plaintiff attaches exhibits to its Response, the exhibits provide detail to the allegations already set forth in the Complaint. The Court analyzes whether Plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the Complaint are taken as true for the purposes of the Motion.

### A.  Motion to Dismiss Income Tax Refund Claim (Count I)

Plaintiff seeks a refund of income tax overpayment and penalties assessed by the IRS. ECF No. [1]. Defendant argues that Plaintiff failed to exhaust all available administrative remedies and did not present a claim sufficient to waive sovereign immunity. ECF No. [9] at 1; ECF No. [16] at

5. Plaintiff responds that the filing of Form 843 did exhaust its administrative remedies and, to the extent Form 843 was improper, it nonetheless served as an informal claim sufficient to grant this Court jurisdiction. ECF No. [13] at 4, 13.

"No suit can occur in any court for the recovery of any internal revenue tax until a claim for refund has been duly filed with the Secretary." 26 U.S.C. § 7422(a). A claim for an income tax refund shall be made on the appropriate amended income tax return. 26 C.F.R. § 301.6402-3(a)(4). If a particular form is prescribed, then that form must be used. 26 C.F.R. § 301.64202-2(c).

Here, for this Court to have jurisdiction: (1) the refund claim must have been submitted on the proper form; and (2) if the claim was not filed on the proper form, then the claim must fulfill the elements of an informal claim sufficient to waive sovereign immunity. *See United States v. Kales,* 314 U.S. 194 (1941); *see also Lawrence v. United States*, 597 F. App'x 599, 603 (11th Cir. 2015). If neither of the above requirements is satisfied, then this Court lacks jurisdiction.

**i. Form 843 Was Not the Proper Form**

Defendant asserts that the filing of a Form 843 was insufficient as a formal claim because an amended Form 1041 is the proper form. Defendant points out that if the IRS requires a claim to be filed through a particular form, then the claim is deficient if not properly filed. Plaintiff responds that Form 843 was the proper form to be filed for this refund claim.

The IRS is authorized to demand information in a particular form and insist that the form be observed. *See Angelus Milling Co. v. Commissioner,* 325 U.S. 293, 299 (1945)). Further, if there is a particular form on which a claim must be made, then the claim must be made on the form prescribed. 26 C.F.R. § 301.64202-2(c).

> [i]n the case of an overpayment of income taxes for a taxable year for which a form other than Form 1040, 1040A, or 1120 was filed (such as Form 1041 (U.S. Fiduciary Income Tax Return) or Form 990T (Exempt Organization Business

6

> Income Tax Return)), a claim for credit or refund shall be made on the appropriate amended income tax return.

26 C.F.R. § 301.6402-3(a)(4).

The regulation specifically provides that a Form 1041 income tax refund requires the filing of an amended Form 1041. 26 C.F.R. § 301.6402-3(a)(4). Because Plaintiff filed the Trust's tax return for 2016 on Form 1041, *see* ECF No. [1-9] at 10, an amended Form 1041 was the proper refund form.

Multiple sources, including the instructions on Form 843 as well as 26 C.F.R. § 301.6402-3(a)(4), support that an amended Form 1041 is required in the instance of filing for a refund of income taxes originally filed on Form 1041. Form 843 specifically states in the instructions that the form is for a refund of taxes other than income tax. ECF No. [1-9]. Form 843 states "[U]se Form 843 if your claim or request involves . . . a refund of one of the taxes other than income taxes . . . ." *Id.* Additionally, according to C.F.R. § 301.6402-3(a)(4), "a claim for credit or refund shall be made on the appropriate amended income tax return." Thus, Form 843 was improper and Plaintiff's contention that Form 843 was the correct form is unpersuasive.

Plaintiff cites *Cash v. United States* to demonstrate that the use of Form 843 was proper. ECF No. [13] at 12. However, Plaintiff's reliance is misplaced. In *Cash,* the plaintiffs filed their tax returns on Form 1040 and filed for refund solely for penalties assessed and *not* an overpayment of income tax on a Form 843 — the correct form when seeking a refund of penalties. *Cash v United States*, 725 F. App'x 171, 172-75 (3rd Cir. 2018). The court in *Cash* observed that Congress has differentiated the meaning of penalties and taxes for statutory purposes and for those reasons a Form 843 was proper. *See id* at 174. "Thus, even if the [shared responsibility payment] 'may reasonably be characterized as a tax' for constitutional purposes, for statutory purposes, it is treated as a 'penalty;' individuals should be able to rely on the clear and unequivocal text of the Code, and

7

the corresponding regulations, when dealing with the tax refund process." *Cash v. United States*, 725 F. App'x 171, 174-75 (3d Cir. 2018) (quoting *Nat'l Fed. Of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544 (2012) (internal citations omitted).

Plaintiff asserts that an amended Form 1041 is merely for correcting errors in the initial form filed. Plaintiff correctly notes that Form 1040X instructs: "[d]on't file Form 1040-X if you are requesting only a refund of penalties and interest or an addition to tax that you have already paid. Instead, file Form 843, *Claim for Refund and Request for Abatement*." IRS Form 1040-X, https://www.irs.gov/pub/irspdf/i1040x.pdf (last visited June 21, 2023). However, Plaintiff is seeking a refund for overpayment of taxes in addition to penalties and interest. ECF No. [1] ¶ 119. The regulations provide that a refund for an overpayment of income tax must be sought through the proper amended Form. C.F.R. § 301.6402-3(a)(4). Both 26 C.F.R. § 301.6402-3(a)(4) and instructions on Form 843 demonstrate that an amended Form 1041, rather than Form 843, is proper under the circumstances presented.

Plaintiff further contends that the Taxpayer Bill of Rights allows for a suit for refund in an independent forum. However, as the Defendant correctly points out, the Taxpayer Bill of Rights is not law, but merely an informational publication. *See United States v. Schwartz*, 615 F. Supp. 3d 184, 190 (E.D.N.Y. 2022) ("The Taxpayer Bill of Rights is merely an informational publication.").

Accordingly, the Court finds that Form 843 was improper, an amended Form 1041 was the proper form, and such form has not been filed with the IRS. Therefore, no formal claim was filed with the IRS.

### ii. Form 843 Was Not Remedied

Where the formal requirements for a tax refund claim are lacking, an informal claim that does not use the correct form may be sufficient to waive sovereign immunity if (1) it gives fair notice of the nature of the taxpayer's claims to the Commissioner; and (2) if the defects are remedied by amendment filed after lapse of statutory period. *See United States v. Kales,* 314 U.S. 194 (1941); *see also Lawrence v. United States*, 597 F. App'x 599, 603 (11th Cir. 2015). Informal claims may be sufficient where they "fairly advis[e] the Commissioner of the nature of the taxpayer's claims," and "where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." *Kales,* 314 U.S. at 194.

Plaintiff relies on *PALA* and argues that an informal claim that puts the IRS on notice that the taxpayer believes an erroneous tax has been assessed is sufficient to waive sovereign immunity. ECF No. [13] at 14 (citing *PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000)). However, a critical part of the *PALA* court's analysis clarifies that the informal claim doctrine is predicated on the expectation that the formal deficiencies will be corrected.

> [T]he [informal claim] doctrine is predicated on an expectation that these formal deficiencies will at some point be corrected . . . . PALA concedes that it did not file an amended 1041 return, as required by Treasury Department regulations. Although it submitted two letters to the IRS in 1997, which purported to be claims for refund, PALA failed to comply with the basic requirement of filing an amended 1041.

*PALA, Inc. Employees Profit Sharing Plan and Trust Agreement*, 234 F.3d at 879. No such correction occurred here.

Additionally, Plaintiff cites to two out of circuit cases in which each court held that filing a Form 843 is a sufficient informal claim that waives sovereign immunity. In the first, *Lemoge v. United States*, 378 F. Supp. 228, 232-33 (N.D. Cal. 1974) the court considered the filing of a Form

9

843 sufficient to constitute an informal claim because it prevented surprise and permitted administrative review prior to the judicial action. *Id*. In the second, the Sixth Circuit considered a case where a Form 843 had been filed prior to the plaintiff "fil[ing] a complaint in district court seeking a refund of taxes, penalties, and interest[.]" *Thomas v. United States*, 166 F.3d 825, 828 (6th Cir. 1999). The courts in both cases only rely on the requirement of sufficient notice and do not account for the requirement that the defect in the refund claim be remedied. *See Lemoge*, 378 F. Supp. at 232-33; *See also Thomas*, 166 F.3d at 828-31. However, those out of circuit cases are not binding on this Court and contradict binding precedent in this circuit. *Compare Lemoge*, 378 F. Supp. at 232, and *Thomas*, 166 F.3d 825, *with Lawrence*, 597 F. App'x at 603.

Defendant responds and cites multiple cases to support its contention that Plaintiff has not filed an informal claim sufficient to waive sovereign immunity because Plaintiff never perfected the informal claim with a formal claim. ECF No. [16] at 5 (citing *PALA, Inc. Emps. Profit Sharing Plan and Tr. Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 2000); *Lawrence*, 597 F. App'x at 603.).

"[T]he [informal] claim doctrine does not mean that a taxpayer has a foot in the door of the courthouse, so long as the taxpayer submitted *something* to the IRS." *Fulham v. United States,* No. 20-CV-5871, 2021 WL 5578759, at *1 (N.D. Ill. Nov. 30, 2021). The *Fulham* court considered whether a Form 843 was proper for an income tax refund originally filed on Form 1040. *Id* at 1. The court first determined that Form 843 was not the proper form and then addressed whether a sufficient informal claim was submitted sufficient to waive sovereign immunity. *Id.* at 2. The court found that even with a Form 1040X (the proper form for a refund in the *Fulham* case) attached to the complaint, the deficiency in the original refund claim was never corrected and the court lacked jurisdiction because the correction must be filed with the IRS, not the court. *Id.* at 3. The *Fulham*

10

court emphasized that "[T]he federal judiciary is not the IRS, and the federal courthouse is not the first place to go when seeking a tax refund . . . . Otherwise, the federal courts would take authority vested by congress in the IRS . . . . *Id.*

Here, Plaintiff's claim does not qualify as an informal claim sufficient to waive sovereign immunity. For an informal claim to waive sovereign immunity, it must both put the Commissioner on notice of the taxpayer's claims and must remedy the defects in the claim. *See Kales*, 314 U.S. at 194. The claim here may have placed the Commissioner on notice but did not remedy the defects of the improper form originally filed, as it is undisputed that an amended Form 1041 was never filed. Accordingly, the Court lacks jurisdiction and the Motion to Dismiss Count I is granted.

### B. Motion to Dismiss Claim for Injunctive and Declaratory Relief (Count II)

In Count II, Plaintiff seeks injunctive and declaratory relief to determine that Plaintiff's income tax was incorrectly determined and to have the estate tax return reviewed and administered consistent with previous IRS policy and procedure. ECF No. [1] ¶ 128. Defendant argues that Plaintiff lacks standing because the Trust is suing on behalf of Judge Palermo's Estate and has no personal stake in the outcome. Moreover, Defendant argues that the Anti-Injunction Act and Administrative Procedures Act ("APA") bar the claim. Plaintiff responds by reframing the claim as seeking to demonstrate that the IRS took a position that was arbitrary and contrary to previous positions taken and does not serve to restrain the assessment or collection of any tax. ECF No. [13] at 16. The Court begins by addressing the Anti-Injunction Act.

#### i. Anti-Injunction Act

Defendant argues that the plain language of the Anti-Injunction Act bars Count II of Plaintiff's Complaint. ECF No. [9] at 8. Plaintiff responds that the Anti-Injunction Act does not

apply because the Complaint does not seek to restrain the assessment or collection of any tax. ECF No. [13] at 16.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Supreme Court in *Enochs* addressed the Anti-Injunction Act and held that, "The manifest purpose of [§] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." 370 U.S. at 7.

Here, Plaintiff has an adequate remedy for a refund, and a declaratory judgment would constitute judicial intervention that challenges the IRS's methods for determining taxes, which is plainly in conflict with 26 U.S.C. § 7421(a). *See id.* Plaintiff asserts that the purpose of Count II is not for an adjustment of the Estate's tax return or an injunction but to demonstrate that the IRS is taking a position that is contrary to its position in numerous other tax cases. ECF No. [13] at 16. However, taking the Complaint's allegations as true, Count II seeks to have the methods of the tax review process analyzed and corrected and alleges that "Plaintiff is entitled to . . . have the estate tax return reviewed and administered consistent with longstanding policy, procedure, and precedent of the IRS." ECF No. [1] ¶ 128. As such, the Court agrees with Defendant that judicial intervention is improper and Count II is barred by the Anti Injunction Act.

### ii. Administrative Procedures Act

Defendant argues that the Court lacks jurisdiction over Count II because the "APA's waiver of sovereign immunity does not allow for judicial review of agency action where there is another adequate remedy in a court." ECF No. [8] at 10. Plaintiff responds that "Count II, pleaded in the alternative, is appropriately pleaded at this stage in the proceedings." ECF No. [13] at 16.

Case No. 23-cv-20513-BLOOM/Otazo-Reyes

Pursuant to the APA, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The Administrative Procedures Act permits the United States government to be sued for matters in equity when there is no other adequate remedy at law. 5 U.S.C. § 704.

A suit under the APA is proper when:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.

Here, the statutory waivers set forth in 5 U.S.C. § 702 and § 704 do not apply because Plaintiff has an adequate remedy at law. In *Enochs*, the Supreme Court established that there is an adequate remedy under these same circumstances, which is a suit for refund. 370 U.S. at 7. The mere dismissal of Count I does not mean there is no adequate remedy at law. The availability of a suit for refund would be maintainable if Plaintiff properly files an amended Form 1041 or perfects its informal claim sufficient to waive sovereign immunity. Count II is therefore barred by the APA.

Because the Court has determined that the Complaint must be dismissed for lack of subject matter jurisdiction, it does not consider Defendant's argument that Plaintiff lacks standing.

Case No. 23-cv-20513-BLOOM/Otazo-Reyes

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, **ECF No. [9]**, is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 7, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record